TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00363-CR







Loab Raymond Burke, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0940829, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







PER CURIAM


 After accepting appellant's guilty plea and hearing his judicial confession, the
district court found appellant guilty of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West
1994). (1) The court assessed punishment at imprisonment for twenty years.

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. A pro se brief has been filed.

 Appellant first argues that the indictment was "fundamentally wrong" because it
alleged that the robbery was committed "in the course of committing theft," but the victim testified
that no property was taken. The phrase "in the course of committing theft" includes conduct
which occurs in an attempt to commit theft. Tex. Penal Code Ann. § 29.01(1) (West 1994). The
actual commission of theft is not a prerequisite to the commission of robbery. Autry v. State, 626
S.W.2d 758, 762 (Tex. Crim. App. 1982). The first pro se point of error is overruled.

 Appellant's second contention is that trial counsel was ineffective. To prevail on
a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious
errors that he was not functioning effectively as counsel and that these errors prejudiced the
appellant's defense to such a degree that he was deprived of a fair trial. Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see
Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim of ineffective assistance, we
must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

 Appellant contends counsel was ineffective because he "was informed of his
dismissal numerous times" and because he did not adequately prepare for trial. Neither of these
contentions is supported by the record. Appellant also complains of "counsel's decision to plead
guilty." Appellant testified, however, that he was pleading guilty freely and voluntarily. 
Appellant has failed to demonstrate that counsel's performance was deficient. Pro se point of
error two is overruled.

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. Further, we find nothing in the record that might arguably support
the appeal.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 7, 1995

Do Not Publish

1.   Section 29.03 was amended in a nonsubstantive way after this offense was committed.